# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* JOHN MARKOUL LIVING TRUST.

---

SANDIE SARHAN,

       Petitioner-Appellant,

v

GEORGIA MARKOUL,

       Respondent-Appellee.

and

JAMES MARK HEPPARD, NICHOLAS
HEPPARD, and MICHELLE HEPPARD,

       Intervening Parties.

UNPUBLISHED
January 29, 2015

No. 316892
Oakland Probate Court
LC No. 2013-348604-TV

---

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Petitioner appeals by right in this case involving the construction of a trust. Petitioner is decedent's daughter and respondent is decedent's surviving spouse. The intervening parties are three of decedent's stepchildren. We affirm.

On April 7, 1981, decedent created a living, revocable trust, which became irrevocable upon his death on March 12, 2012. Upon decedent's death, the trust was divided into two separate trusts, designated as the Marital Trust and the Family Trust. Article 8 of the trust instrument governs the manner in which funds are to be allocated between the two separate trusts:

-1-

a. Creation of the Marital Trust

> The Marital Trust shall consist of a dollar amount equal to fifty (50%) percent of the value of my gross estate as defined for Federal Estate Tax purposes, less all allowable federal estate deductions other than the marital deduction.

> The Marital Trust shall be reduced by the value, for Federal Estate Tax purposes, of any interest in property which qualifies for the marital deduction and which passes or has passed from me to my spouse other than under this Article.

> The marital deduction amount determined under this Paragraph a. shall be a pecuniary amount and not a fractional share.

* * *

c. Creation of the Family Trust.

> The Family Trust shall consist of the balance of the trust property.

On September 17, 2008, decedent amended Article 8 of the trust instrument to provide as follows:

> The Marital Trust shall consist of my primary residence (subject to any mortgages thereon) at the time of my death, plus a dollar amount equal to fifty (50%) percent of the values of the balance of my gross estate as defined for Federal Estate Tax purposes, less all allowable federal estate deductions other than the marital deduction.

> The Marital Trust shall be reduced by the value, for Federal Estate Tax purposes, of any interest in property which qualifies for the marital deduction and which passes or has passed from me to my spouse other than under this Article.

> The marital deduction amount determined under this Paragraph a. shall be a pecuniary amount and not a fractional share.

At the time of decedent's death, he and respondent owned a home as tenants by the entireties. When decedent died, respondent became the sole owner of the home by right of survivorship. Nearly one year later, the acting trustee filed a petition for clarification, asserting that "[b]y not changing the title and funding of the Trust with the Residence, the value of the Residence becomes an issue." Accordingly, petitioner asked the court for clarification on the following points:

> B. Determining whether the value of the Residence is to be included in the creation of the Marital Trust;

> C. Determining whether the value of the Residence reduces the value of the Marital Trust and, if so, by how much[.]

The probate court found that the marital home was never included in the trust and never "passed" to respondent because it was owned by respondent before and after decedent's death. As a result, it found that the value of the Marital Trust should not be reduced by the value of the marital home. Petitioner disagreed and requested an evidentiary hearing on the issue. The probate court denied petitioner's request, explaining that its ruling was made as a matter of law and that no factual dispute existed between the parties. Petitioner also argued that respondent was not entitled to her exempt property allowance because she failed to file a claim with the estate within four months of decedent's death. Again, the probate court disagreed.

We review de novo the probate court's interpretation of language in a trust document. *In re Estate of Reisman*, 266 Mich App 522, 526; 702 NW2d 658 (2005). The court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008). The probate court does not abuse its discretion when it makes a decision that falls within the range of reasonable and principled outcomes. See *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

When interpreting the meaning of a trust, the probate court must ascertain and give effect to the intent of the settlor. *In re Kostin*, 278 Mich App 47, 53; 748 NW2d 583 (2008). In doing so, the court must look to the words of the trust document itself. *Id*. Only if the language is ambiguous may the probate court look outside the trust language and consider the circumstances surrounding its creation. *Id*.

The relevant language of Article 8 of the trust is unambiguous. It provides that "[t]he Marital Trust shall be reduced by the value, for Federal Estate Tax purposes, of any interest in property which qualifies for the marital deduction and which passes or has passed from me to my spouse . . . ." The value of the marital home is not to be deducted from the Marital Trust because it did not "pass" from decedent to respondent. Again, decedent and respondent owned their home as tenants by the entireties. In *Tkachik v Mandeville*, 487 Mich 38, 46; 790 NW2d 260 (2010), our Supreme Court explained that a tenancy by the entireties "is a type of concurrent ownership in real property that is unique to married persons." A defining trait of such a tenancy is " 'that one tenant by the entirety has no interest separable from that of the other.' " *Id*. (citation omitted). In addition, "both spouses have a right of survivorship, meaning that, in the event that one spouse dies, the remaining spouse automatically owns the entire property." *Id*. at 46-47. As a result, "entireties properties *are not part of a decedent spouse's estate*, and the law of descent and distribution does not apply to property passing to the survivor." *Id*. at 47 (emphasis added).

Because decedent and respondent owned their home as tenants by the entireties, respondent was a full owner of the property before and after her husband's death. When decedent died, respondent became the sole owner automatically, not because the property "passed" as part of the estate. The property never was part of the estate. Furthermore, because the language of the trust instrument was clear and unambiguous, the probate court did not err by denying petitioner's request for an evidentiary hearing. See *Kostin*, 278 Mich App at 53.

Nor did the probate court err by ruling that respondent was entitled to her exempt property allowance. Petitioner cites MCL 700.7605(1) and MCL 700.7606(1) for the proposition

that respondent was required to submit a formal claim for her exempt property allowance within four months of decedent's death. MCL 700.7605(1) states:

> The property of a trust over which the settlor has the right without regard to the settlor's mental capacity, at his or her death, either alone or in conjunction with another person, to revoke the trust and reinvest principal in himself or herself is subject to all of the following, but only to the extent that the settlor's property subject to probate administration is insufficient to satisfy the following expenses, claims, and allowances:
>
> (a) The administration expenses of the settlor's estate.
>
> (b) An enforceable and timely presented claim of a creditor of the settlor, including a claim for the settlor's funeral and burial expenses.
>
> (c) Homestead, family, and exempt property allowances.

MCL 700.7606(1) states in relevant part:

> If a personal representative is not appointed for the settlor's estate within 4 months after the date of the publication of notice to creditors, a trust described in section 7605(1) is not liable for payment of homestead, family, or exempt property allowances. . . .

First, neither of these statutory provisions applies to the trust in this case. As stated in MCL 700.7605(1), this portion of the Michigan Trust Code applies only to trusts that remain revocable at death. The trust in this case became irrevocable upon death. Second, the probate court correctly construed the language regarding exempt property. Article 8, § 1 of the trust instrument provides in pertinent part:

> The provisions made herein and in my Will for my spouse shall be in lieu of my spouse's marital rights and all other rights in my estate *except for exempt property* and, in the event my spouse validly elects to take against my Will, then the trust property shall be administered and distributed in the manner provided herein as though my spouse had predeceased me. [Emphasis added.]

The language is clear that exempt property, such as a property allowance, is not subject to Article 8, § 1.

Affirmed. As the prevailing party, respondent Georgia Markoul may tax her costs pursuant to MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause